*645 The facts of the case and the questions decided, appear in the opinion of the court, delivered by the Chief Justice.
Horstbloweb, C. J.
By the 11th section of the act incorporating townships, Elm. Dig. 574, the persons qualified to vote at town meetings, were authorized to “ vote, grant and raise” moneys for township purposes, This act was passed in 1798, and consequently long before we had any common school system in this state. Some townships, however, from the generality of the language in the act, to wit: “ and for other necessary charges and legal objects and purposes,” thought themselves authorized, and did vote and raise money for educating the children of the poor. In consequence of this, the legislature, by a supplement passed in 1820, Elm. Dig. 577, declared those general words should be restricted to mean such purposes, only, as were expressly provided for by law. So the law stood until 1828, when by another supplement, Elm. Dig. 578, the town meetings were authorized to “ vote, grant and raise” such sum of money, as the majority should agree upon, for the erection and repairing of school houses and the establishment of free schools.
This act continued in force, I believe, until the introduction of our common school system ; by the last act respecting which, (if not by some earlier acts on the same subject), the general authority given by the act of 1828 was virtually repealed ; and instead of that, the townships “ are authorized, empowered and required, to raise by tax, or otherwise, in addition to the amount appropriated to their use out of the general school fund, “ such further sum or sums of money, as they may deem proper, for the support of public schools, at least equal to, and not more than double, the amount of such apportionment.”
The last town meeting in the township of Chatham, in the county of Morris, passed the following resolution, “ that double the amount of State tax, together with the dividend of interest of the surplus revenue, be appropriated to school purposes.”
How far the assessing and collecting officers of the township would be justified, in assessing and collecting taxes for school purposes under this vote, it is not necessary to decide. It certainly is not a vote or resolution to raise money, by taxes, for school purposes. If it were, it would be clearly unlawful; since, *646 by the school law last referred to, the townships are restricted to raising by tax, a sum not exceeding double the amount of the school money apportioned to them, under the provisions of that act— and not double the amount of the state tax. The question however, intended to be raised by this Certiorari, and the only one argued by counsel, is whether the township had a right, not only to raise by tax double the amount of school fund money apportioned to them, but in addition thereto, to appropriate to school purposes, the interest on the surplus revenue, belonging to the township.
The surplus revenue fund was apportioned among the several counties, and paid over to the respective boards of freeholders, in pursuance of an act of the legislature : the principal to be returned, if called for, but not the interest. The act makes no appropriation of the interest, but leaves it to the respective boards of freeholders to apply it to such uses, as they may think proper. In the county of Morris, the money was appropriated among the townships, and of course the interest accruing on their respective portions belongs to the townships. It is township money, to be used for lawful township purposes; so that, whatever purpose it is applied to, it will go to relieve the citizens to that extent from taxation. If applied to the improvement of public grounds j the erection or repairing of poor houses, or supporting the poor; the building of bridges, repairing of roads ; or for any other purpose for which the township has a right to raise money by taxes ; it will and must operate to lessen taxation for that purpose, just to that extent. If therefore the township appropriates the interest of that fund to the support of common schools, it must lessen the amount necessary to be raised, or which may be lawfully raised for that purpose. Since then they cannot lawfully raise for common schools beyond a certain sum, if the township appropriates that money to the use of common schools, it must lessen the amount to be raised by tax just so much.
This is not money in the hands of the corporation, as trustees, for any specific purposes. If I make them a' gift, to be applied to a specific use, they are mere trustees, and must execute the trust. . They act then as my agents and by my authority, and not bv authority of law. But if I give the township a thousand dollars as a general unqualified gift, it belongs to the inhabitants *647 not in their individual, but in their corporate capacity ; and they must use it for lawful corporate purposes; they cannot build churches or theatres with it • or give it away for benevolent or other purposes. They derive all their power to raise and use money,- from the act of incorporation ; and consequently, they can appropriate or use money belonging to the corporation, for no other purposes than those mentioned or included within their charter.
If the law prohibits a township from raising by tax more than a thousand dollars, for roads, schools or any specific object, they cannot, in addition to that sum, appropriate other moneys in their treasury to that purpose; for that money, applied to some other lawful object, would relieve taxation for that object to that amount. To do so therefore, would be indirectly to raise by taxation for the specified object more than the sum allowed by law ; because the citizens would have to raise by tax an equal amount of money for some other lawful purpose, to which the superadded money might have been applied. In other words, it would be a fraud upon the prohibitory act; for if the act says, that the township shall not raise by tax more than a certain sum for a certain purpose, and the township vote to raise that sum by tax, and then superadd, for the same purpose, another sum of money already in their treasury, and which might be applied to some other lawful corporation purpose, they subject the citizens to an additional tax to just the amount of the sum so superadded to the restricted taxation. The amount so superadded, would in effect be a mere donation towards the object, for which it was to be used. Whereas the corporation have no right to make gifts, however benevolent the object, out of their corporate funds. They can neither raise money, nor appropriate that which they have, from whatever source it has arisen, for any purpose, not expressly or by necessary implication authorized by law.
These remarks have answered, by anticipation, the argument of the counsel for the defendant founded on the fact, that the money superadded in this case had been derived from an extrinsic and adventitious source, and not by taxation. If my reasoning be right, it is no matter where the money came from. If it belonged to the inhabitants in their corporate capacity, they *648 must apply it to corporate and lawful purposes ; or let it lay in their treasury until they get legislative authority to appropriate it to some other purpose, instead of applying it to the payment of township expenses.
The result is, that so much of the resolution of the town meeting, as appropriates the interest of the surplus revenue fund, in addition to the amount to be raised by taxes for the use of common schools, must beset aside, reversed and for nothing holden.
Resolution set aside.
Cited in State v. Kingsland, 3 Zab. 87; State v. Clerk of Middletown, 4 Zab. 124; State v. City of Paterson, 5 Vr. 171; State v. Jersey City, 5 Vr. 399.